HARVEY J. HALE, Respondent, *v.* RUTLAND RAILROAD COMPANY, Appellant.

Third Department, May 6, 1925.

Railroads — crossing accident — action arises out of collision between plaintiff's automobile and defendant's train — evidence shows that proper warning was given by train crew and that train was moving at rate of five to ten miles per hour — defendant was not negligent — plaintiff's testimony shows that he was traveling at rate of seven miles per hour at time he first observed train when he was at point forty-one feet from track, that he threw out clutch, applied brake and automobile slid forty-one feet — other evidence shows that automobile started to slide twelve feet from track — road was not slippery — absence of flagman not important — plaintiff was guilty of contributory negligence, as matter of law.

In an action to recover damages arising out of a collision between plaintiff's automobile and defendant's train at a highway crossing, the negligence of the defendant was not established, since it appears by disinterested witnesses that proper warning signals were given by the train crew, that the plaintiff heard the warning signals at a point forty-one feet from the crossing, and that the train was running at a speed of from five to ten miles per hour.

The plaintiff, however, was guilty of contributory negligence, as a matter of law, since, while his testimony shows that when he reached a point forty-one feet from the track he was traveling at the rate of seven miles per hour, that as soon as he observed the train he threw out his clutch and applied the brake, and that the automobile slid for the entire distance of forty-one feet, there is no evidence to show that the road was slippery or icy, but it was shown by marks on the road, examined immediately after the accident, that the automobile did not commence to slide until it was within ten or twelve feet from the track.

No weight can be given in favor of the plaintiff to the fact that the flagman, who was customarily maintained at the crossing, was absent, nor to the failure on the part of the train crew to give the necessary signals, which the evidence shows were given, for the plaintiff's own admission is that he observed the train when he was within forty-one feet from the crossing and when the train was not over one hundred feet away. Plaintiff was, therefore, advised of the approach of the train in time, by the exercise of due caution, to have prevented the accident.

APPEAL by the defendant, Rutland Railroad Company, from a judgment of the County Court of the county of St. Lawrence in favor of the plaintiff, entered in the office of the clerk of said county on the 28th day of October, 1924, upon the verdict of a jury for $135, and also from an order entered in said clerk's office denying defendant's motion for a new trial made upon the minutes.

*John M. Cantwell,* for the appellant.

*Frank L. Cubley,* for the respondent.

McCANN, J.:

This appeal raises questions of both negligence and contributory negligence. A passenger train on defendant's road going westerly through the village of Norwood was about two hours late, and after having stopped at the station for the purpose of discharging passengers it ran about 800 feet to the Main street crossing, where a collision occurred with an automobile driven by the plaintiff upon a public highway. The negligence charged is failure to give due warning of the approach to the crossing. The jury rendered a verdict for the plaintiff, and defendant appeals from the judgment and from the order denying a new trial.

The evidence shows that the whistle was blown at the regular place designated for that purpose, and this is established by ten witnesses, six of whom are in no way interested in the event and four of whom are employees of the defendant. Five disinterested witnesses swore that the bell was rung at the whistling post for the crossing, and the four employees testified to the same effect. The latter also testified that it was an automatic bell and continued to ring until after the train reached the crossing. In addition to this the plaintiff testified that he heard the bell ring when he was at a point forty-one feet from the crossing. The uncontradicted testimony shows that the train was running at a speed of from five to ten miles per hour. Plaintiff has failed to sustain the burden of proof that the defendant was negligent.

The plaintiff has also failed to establish his freedom from contributory negligence. According to his own testimony as he was traveling on Main street he reached a point where this street was intersected by Mechanic street and there he stopped to permit an automobile to pass; that he started his car in low gear and drove some distance, when he shifted into second gear. There was a building at his right, and as he passed the corner of it he had his first view of the railroad track and he saw the train approaching from the east and heard the bell. This first point of vision was forty-one feet from the south rail of the track. Plaintiff testifies that at this time he was going at a speed of from six to seven miles

per hour; that his car was then in second gear and it continued in second gear but he threw out the clutch and that from the time that he passed the corner of the building, and during the entire distance of forty-one feet to the south rail mentioned, the car slid; that the wheels did not turn and the speed of the car remained the same; that just before he collided with the train he turned his automobile to the left so that it was going in the same direction as the train and that the two collided by the front end of the tender of the train striking the automobile. It can as well be said that the automobile struck the train as that the train struck the automobile There is no evidence to show that the road was slippery or icy except the testimony of one witness who swore that in an interview with the plaintiff after the accident the plaintiff stated that there was sleet and ice and that the brakes would not hold. The same witness testified that there had been a light fall of snow. He also testified that he examined the skid marks after the accident which showed a distance of ten or twelve feet back from the track. No other witness, including the plaintiff and his relative who sat in the car with him, claims that there was any slippery condition of the road. The hearsay declaration of the plaintiff is not supported by his testimony. The witness who was in the car with plaintiff testified as to the operation of the car in practically the same manner as that given by the plaintiff. It had been the custom for a flagman to be at this crossing and plaintiff, who was perfectly familiar with the crossing, knew of this fact. He testified that when he approached the crossing the flagman was not there but that his signal was leaning against the flagman's shanty. He urges as negligence on the part of the defendant that inasmuch as it had been accustomed to protect the crossing, it should have given some notice of the absence of the flagman so that the plaintiff might have been advised that there was none on duty at that hour. Plaintiff testified that he was influenced to some extent in approaching the crossing by the fact that there was no flagman present. No weight can be given to this argument nor can there be any weight given to the argument with reference to failure of the defendant to blow its whistle or to sound its bell. The plaintiff saw the train approaching when he was within forty-one feet of the crossing and when the train was not over one hundred feet away. He not only saw the train but he heard the bell ringing. If the bell had not rung or no whistle had been blown and whether or not there was a flagman or ever had been, he was fully advised of the approach of the train and it was his duty to approach the crossing with due caution and with his car under control. The testimony of the plaintiff to the effect that his car slid for forty-

one feet under the conditions recited is incredible as a matter of law. The testimony of the witness who swore that the skid marks were ten to twelve feet long is more reasonable. The plaintiff had ample time to protect himself. He was either running at a far greater speed than he claimed or he made no attempt to stop until he came to a point within a few feet of the crossing. The latter version is probably the correct one. The fireman swore that the engine had reached the crossing when plaintiff put on his brakes.

The judgment and order should be reversed and the complaint dismissed, with costs.

All concur.

Judgment and order reversed on the law and complaint dismissed, with costs.